UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GLEN CASEY, a natural person,

    Plaintiff,

vs.                                Case No.:  5:12-cv-493-WTH-PRL

STONEBRIDGE LIFE INSURANCE
COMPANY, a foreign for profit
Corporation registered to do business
In Florida,

    Defendant.
_____/

## ANSWER AND DEFENSES

The Defendant, Stonebridge Life Insurance Company, answers the Plaintiff's Amended Complaint and states:

1. The nature of this action is admitted; its merits are denied.
2. Admitted.
3. Admitted.
4. Admitted that Stonebridge is a Vermont corporation; otherwise, denied.
5. Admitted.
6. Admitted.
7. Admitted that Stonebridge is subject to this Court's jurisdiction.
8. Admitted.
9. Admitted.

10. Admitted that Stonebridge issued Policy Number 25494 GC303 to Citibank (South Dakota), N.A. Denied that Exhibit 1 is a copy of that policy. Rather, Exhibit 1 is a copy of a certificate of insurance that Stonebridge issued to Edward Casey effective April 3, 1996 ("the 1996 Certificate"), the terms of which speak for themselves. The 1996 Certificate evidences Edward Casey's coverage under the insurance policy described in this paragraph of the Amended Complaint. Otherwise, denied.

11. Admitted that, provided Edward Casey died under circumstances that satisfied the terms, conditions, and limitations of the subject insurance policy, and that did not implicate any of the policy's exclusions, the benefit payable under Part II of the policy was $125,000. Otherwise, denied.

12. Admitted that Stonebridge issued Policy Number 25467 GC346 to Discover Bank. Denied that Exhibit 2 is a copy of that policy. Rather, Exhibit 2 is a copy of a certificate of insurance that Stonebridge issued to Edward Casey effective January 15, 1999 ("the 1999 Certificate"), the terms of which speak for themselves. The 1999 Certificate evidences Edward Casey's coverage under the insurance policy described in this paragraph of the Amended Complaint. Otherwise, denied.

13. Admitted that, provided Edward Casey died under circumstances that satisfied the terms, conditions, and limitations of the subject insurance policy, and that did not implicate any of the policy's exclusions, the benefit payable under Part II of the policy was $100,000. Otherwise, denied.

14. Admitted that the 1996 and 1999 Certificates, as well as the insurance policies to which they relate, were in full force and effect when Edward Casey died. Otherwise, denied.

15. Admitted.

16. Admitted.

17. Admitted that Edward Casey was involved in a car crash on August 3, 2011 as a direct result of his chronic and pre-existing medical conditions ("the car crash"). Otherwise, denied.

18. Admitted.

19. Admitted that blunt force trauma was one of several contributing causes of Edward Casey's death, the others being COPD and smoking.

20. Denied that Edward Casey's death was an "accidental death," and denied that it was covered by the insuring language of the subject insurance policies. Otherwise, denied.

21. Denied.

22. Denied.

23. Admitted that "loss of life" is a "loss" addressed by the subject insurance policies, but denied that Edward Casey's death satisfies the policies' requirements for coverage.

24. Admitted that Edward Casey was occupying a motor vehicle when it crashed as a result of his chronic medical conditions. Otherwise, denied.

25. Admitted that Edward Casey was occupying a "private passenger automobile" when it crashed as a result of his chronic medical conditions. Otherwise, denied.

26. Admitted, though these terms are clear and unambiguous.

27. Denied.

28. Admitted, though this phrase is clear and unambiguous.

29. Denied.

30-41, 44, 48, 53, 54: These allegations relate to first party bad faith claims that the Plaintiff dropped from the original Complaint by filing the Amended Complaint, and are not relevant to the breach of contract claim set forth in the Amended Complaint. Counsel have agreed to treat these allegations as if they do not appear in the Amended Complaint, and that Stonebridge need not respond to them. This agreement is without prejudice to any other claims Plaintiff may have.

42. This is an allegation of law, not fact, to which no response is required.

43. This is an allegation of law, not fact, to which no response is required.

45. This is an allegation of law, not fact, to which no response is required.

46. This is an allegation of law, not fact, to which no response is required.

47. This is an allegation of law, not fact, to which no response is required.

49. Admitted that this paragraph correctly quotes a portion of the 1996 Certificate.

50. Admitted that this paragraph correctly quotes a portion of the 1999 certificate.

51. Admitted that Plaintiff made a claim under the subject policies for any benefits that may be owing as a result of Edward Casey's death, that his claim was timely, and that he is the beneficiary. Otherwise, denied.

52. Admitted that Exhibit 3 explains some of the reasons benefits are not payable under the subject insurance policies, and that its terms speak for themselves. Otherwise, denied.

55. Admitted that, because no benefits are payable under the terms, conditions, limitations, and exclusions of the subject insurance policies, Stonebridge denied Plaintiff's claims and has not paid any benefits to him.

## Count I

56. Stonebridge realleges and incorporates by reference its responses to the above numbered paragraphs.

57. Admitted.

58. Admitted that the terms of the subject insurance policy speak for themselves. Otherwise, denied.

59. Denied.

60. Denied.

61. Denied.

62. Without knowledge and therefore denied.

## Defenses

1. The insuring language of the 1996 policy, 25494 GC 303, provides:

Definitions:

Injury means bodily injury caused by an accident occurring while the insurance is in force resulting: 1. directly and independently of all other causes; …

Injured means having suffered an Injury.

Loss means: 1. Loss of Life…

Coverage:

Part II – If a Covered Person is Injured: in consequence of Occupying a Private Passenger Automobile; the Company will pay the applicable benefit specified in Part II of the Schedule…

Schedule of Benefits:

Accidental Death and Dismemberment - If, as a result of Injury occurring under any of the circumstances listed in the Coverage section above, a Covered Person suffers any of the following Losses within 90 days after the date of an accident which causes such Injury, then we will pay the benefits as shown below:

The circumstances of Edward Casey's death, described above, do not fall within the scope of this insuring language. Edward Casey was not "Injured" and his death was not the result of "Injury" because (i) his death was not caused by an accident, and (ii) his death was not caused by an accident directly and independently of all other causes. Edward Casey suffered from severe COPD, the effects of which caused him to crash his car; this was not an "accident." Cigarette smoking and COPD contributed to causing his death, so his death was not caused by an accident "directly and independently of all other causes."

2. The 1996 policy also contains exclusions, one of which provides:

Exclusions: no benefit shall be paid for Loss or Injury that:

7. Is due to disease; bodily or mental infirmity; ….

The circumstances of Edward Casey's death, described above, fall within this exclusion because (i) the effects of COPD caused the crash, and (ii) COPD from cigarette smoking contributed to causing his death. Thus, his death was "due to" COPD.

3. The insuring language of the 1999 policy provides:

Definitions:

Injury means bodily Injury which:
1.     is caused by an accident …
2.     results in a Loss covered by this Policy; and
3.     creates a Loss due, directly and independently of all other causes, to such accidental bodily Injury.

Injured means having suffered an Injury.

Loss means: Loss of Life…

Coverage:

Part II – If a Covered Person is Injured:
2.     as a direct result of a collision or crash of a private Passenger Automobile…
The Company will pay the applicable benefit specified in Part II of the Schedule…

Schedule:

Accidental Death and Dismemberment – If, as a result of Injury occurring under any of the circumstances listed in the Coverage section above, and not otherwise excluded, a Covered Person suffers any of the following Losses within 90 days after the date of an accident which caused such Injury, we will pay the benefits shown below…

The circumstances of Edward Casey's death, described above, do not fall within this insuring language. Edward Casey was not "Injured" and his death was not the result of "Injury" because (i) his death was not caused by an accident, and (ii) his death was not due, directly and independently of all other causes, to accidental bodily Injury. Edward Casey suffered from severe COPD, the effects of which caused him to crash his car; this was not an "accident." Cigarette smoking and COPD contributed to causing his death, so his death was not "due to" an accidental bodily Injury "directly and independently of all other causes."

4.     1999 policy also includes exclusions, two of which provide:

Exclusions: no benefit shall be paid for Injury that:

7

7. is due to disease, bodily or mental infirmity… [or]
8. does not directly and independently of all other causes create a Loss.

The circumstances of Edward Casey's death, described above, fall within these exclusions, each of which separately and independently precludes coverage, because (i) the effects of COPD caused the crash, and (ii) COPD from cigarette smoking contributed to causing his death. Thus, his alleged Injury and death were "due to" COPD, and he did not suffer and Injury that caused his death "directly and independently of all other causes.

Wherefore, the Defendant, Stonebridge Life Insurance Company, demands judgment in its favor and against the Plaintiff, for the costs of this action, and for such other relief as the Court deems just and proper.

/s/ Brett J. Preston
Brett J. Preston – Trial Counsel
Florida Bar No. 603716
bpreston@hwhlaw.com
David L. Luikart III
Florida Bar No. 21079
dluikart@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
Attorneys for Defendant

## CERTIFICATE OF SERVICE – CM/ECF

I hereby certify that on September 20, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Stephen Fulton Shaw, Esq.
steve@shawlegalfirm.com

/s/ Brett J. Preston
Attorney

9

3412384v1